**Byrnece S. GREEN, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 1028, Docket 88–4015.

United States Court of Appeals, Second Circuit.

Argued April 27, 1988.

Decided May 16, 1988.

James B. Lewis, Benjamin N. Cardozo School of Law, New York City, for petitioner-appellant.

Nancy G. Morgan, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Gilbert S. Rothenberg, Mary Frances Clark, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for respondent-appellee.

Before CARDAMONE, PRATT and MAHONEY, Circuit Judges.

PER CURIAM:

Byrnece Green appeals from a decision and order of the United States Tax Court (Wright, J.) entered October 22, 1987 that determined deficiencies of $41,709.93 and $253,083.00 in income tax due from her for the tax years 1977 and 1978, respectively.

The facts are not in dispute. Byrnece Green met Maxwell Richmond on November 18, 1962. Ms. Green, then 36 years old, was a divorced secretary who lived in Boston with her 15–year old son. Richmond was a wealthy, 49–year old bachelor, whose holdings included licenses to operate three radio stations. After meeting Richmond, Green became a stockbroker earning approximately $20,000 a year. About a month after their initial meeting, Richmond proposed marriage and Green accepted. Wedding plans were announced to their families and friends. In October 1963 Richmond told Green that he had a "mental hangup" about marriage, and she agreed to live with him without benefit of matrimony. In return, according to Green and others, Richmond orally agreed to bequeath his estate to her.

Commencing in October 1963 the couple maintained a close relationship for the ensuing eight-year period. Ms. Green performed "social," "domestic," and "business" services for Richmond, including caring for him, shopping, running errands, and entertaining his friends and business associates. They vacationed and attended family functions together. Although maintaining separate apartments, they had an intimate marriage-like relationship. Green's only purely business services were providing investment updates to Richmond and speaking briefly at his radio station about financial matters. Richmond died in Green's arms of a heart attack on October 21, 1971.

After Richmond's death no will was immediately found. Later, in a hotly disputed legal proceeding, a one-page paper allegedly signed by Richmond was admitted to probate as Richmond's will. The paper left Richmond's entire estate to his siblings and named his brother as executor. The gross value of the estate exceeded $7 million. Ms. Green sued Richmond's estate in the Massachusetts Superior Court for Suffolk County. Under Massachusetts law an oral promise to make a will is not binding. However, if the decedent had made an oral agreement with Ms. Green, she could recover the fair value of her services. On her claim in *quantum meruit* the jury awarded Green $1,350,000 for services rendered.

Richmond's executor appealed to the Supreme Judicial Court of Massachusetts, which affirmed as to liability but reversed and remanded the case for a new trial limited to the issue of damages. *Green v. Richmond*, 369 Mass. 47, 337 N.E.2d 691 (1975). Following remand, Green accepted $900,000 in full settlement of her suit pursuant to a written agreement with the estate's executor, payable $139,311.61 in 1977 and $760,688.39 in 1978. It is these payments that form the subject matter of this appeal.

Green disclosed the payments to the Commissioner of Internal Revenue on her 1977 and 1978 tax returns, but asserted that they were excludable from her income for those years. On audit, the Commissioner included these amounts in income. In its October 22, 1987 published opinion the Tax Court sustained the Commissioner's action reasoning that the settlement income was taxable as income for services rendered, and was not money received by gift, bequest, devise, or inheritance. The Tax Court further noted that the parties had stipulated that if the payments are held to be taxable income, petitioner's legal expenses are deductible. *See* 54 T.C.M. (CCH) 764 (1987).

Thus, the disputed issue before us is whether money received by the appellant Green in settlement of her claim against Richmond's estate for services rendered to the decedent is taxable as income under section 61(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 61(a), or excludable under section 102(a), 26 U.S.C. § 102(a), as money "acquired by gift, bequest, devise, or inheritance." Appellant Green claims exclusion under § 102(a). The Commissioner asserts a tax is due under § 61(a). The Tax Court held for the appellee. We affirm substantially for the reasons stated in Judge Wright's careful opinion.

Order affirmed.